IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                                                            )<br>)<br>LADRAVIAN MCARTHUR LAW,    )<br>)<br>    **Defendant.**                     ) | CRIMINAL NO. 07-00122-WS |

**ORDER**

This matter is before the Court on the defendant's amended motion to dismiss the indictment. (Doc. 20). The government has responded, (Doc. 22), and the motion is ripe for resolution.

The defendant's motion is based on the following grand jury exchange between the prosecutor and a police officer attached to the DEA task force:

> Q. I'll remind you that you're still under oath and ask you how you became involved in this investigation.
> A. I know — the drug task force that works Clarke, Washington, and Choctaw, I know several of the members that work on that task force. I was asked to take a look at this case.
> LaDravian Law has multiple prior convictions for drug offenses in their area and remains to be, I guess for lack of a better work, a troublemaker in their community, and they were looking for help on him.

(Doc. 20, Exhibit 1 at 3-4). The defendant argues that he was prejudiced by this testimony because it "suggested he was the type of individual which the local authorities either lacked the will, or the capacity, to prosecute," thereby "ma[king] him a target worthy of a federal indictment." (Doc. 20 at 4).

"Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). Under this rule, which may not be circumvented by resort to a court's supervisory authority, "a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254-55 (1988). In

the event of non-constitutional error, prejudice exists "only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256 (internal quotes omitted). For most species of constitutional error, the test for prejudice apparently is the same. *See United States v. Dumonde*, 190 Fed. Appx. 788, 790, 793 (11th Cir. 2006).[1] In the case of structural error (such as race discrimination in the composition of the grand jury), prejudice is presumed. 487 U.S. at 256-57.

The defendant argues that his due process rights were violated by the disclosure of his prior drug convictions to the grand jury. (Doc. 20 at 2). Such a violation, if it exists, does not constitute structural error under *Bank of Nova Scotia*.[2] As noted, whether or not the defendant alleges constitutional error, he must show that the violation "substantially influenced the grand jury's decision to indict" or that "there is grave doubt that the decision to indict was free from the substantial influence of such violations." The defendant does not attempt to make this showing, and the excerpt from the grand jury transcript which the defendant submitted with his motion would refute any such contention.

First, the police officer's testimony provided overwhelming evidence of guilt, far beyond the relatively modest standard of probable cause applicable to indictments. Indeed, the defendant himself describes the evidence against him as "open and shut." (Doc. 20 at 5). That evidence reflects that the defendant was a passenger in a vehicle

---

[1]*See also Duest v. Singletary*, 997 F.3d 1336, 1339 (11th Cir. 1993) (applying *Bank of Nova Scotia* to constitutional error at trial); *United States v. Sigma International, Inc.*, 244 F.3d 841, 853 (11th Cir. 2001) (applying *Bank of Nova Scotia* to constitutional error before the grand jury), *vacated*, 287 F.3d 1325 (11th Cir. 2002).

[2]*See, e.g., United States v. Exarhos*, 135 F.3d 723, 726-27 (11th Cir. 1998) (government's presentation of forged documents did not trigger a presumption of prejudice).

pulled over by a sheriff's deputy for a traffic violation.  The officer could smell marijuana coming from the car.  The officer asked the driver and the defendant to exit the vehicle.  While the defendant was being patted down, he ran across the highway into a swampy area, where he was apprehended by law enforcement officers, who resumed their patdown and discovered cocaine and marijuana on his person.  The sole count of the indictment concerns the cocaine found during this search.  (Doc. 1).

Second, the prosecutor interrupted the police officer's narrative to advise the grand jury in no uncertain terms that it could not consider the comment on which the defendant bases his motion:

> The officer mentioned that the defendant in this case might have other prior criminal history or background or convictions.  That is in no way to be considered in this case.  His history, anything he's done before, any charges, convictions, alleged charges, nothing of that is to be considered.
> The only thing you're considering on a factual basis is the four corners of this indictment.

(Doc. 20, Exhibit 1 at 5).  The grand jury could not plausibly have believed, after hearing this instruction, that it could consider the defendant's criminal history or status as a "troublemaker."

For the reasons set forth above, the defendant's amended motion to dismiss is **denied**.

DONE and ORDERED this 18th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE